PEOPLE v BANKS

Docket No. 68612. Submitted December 12, 1983, at Detroit.—Decided May 4, 1984.

Nathaniel Banks was found guilty, but mentally ill, of assault with intent to commit murder, Recorder's Court of Detroit, Beverly Anne Jasper, J. Defendant appealed, alleging that the trial court erred, in the nonjury trial, by finding that the defendant was not legally insane at the time of the offense. *Held:*

Once any evidence of insanity is presented, the prosecutor has the burden of establishing a defendant's sanity beyond a reasonable doubt. In this case, considerable evidence was introduced to show defendant's insanity at the time the offense was committed. The prosecutor failed to produce any evidence of sanity. Therefore, the trial court erred in finding the defendant guilty but mentally ill, which necessarily required a finding that the defendant was sane.

Vacated and remanded for entry of a judgment of not guilty by reason of insanity and for an order committing defendant for psychiatric treatment.

1. CRIMINAL LAW — GUILTY BUT MENTALLY ILL.

A verdict of guilty but mentally ill necessarily means that the defendant is found to have been sane at the time the offense was committed (MCL 768.36[1][c]; MSA 28.1059[1][c]).

2. CRIMINAL LAW — PRESUMPTION OF SANITY — INSANITY — BURDEN OF PROOF.

A defendant in a criminal proceeding is presumed to be sane; however, once any evidence of insanity is introduced the prosecutor bears the burden of establishing the defendant's sanity beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 129.
[2] 21 Am Jur 2d, Criminal Law §§ 74, 76.
Modern status of rules as to burden and sufficiency of proof of mental irresponsibility in criminal case. 17 ALR3d 146.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg),* for defendant on appeal.

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

PER CURIAM. Following a nonjury trial, defendant was found guilty, but mentally ill, of assault with intent to murder, MCL 750.83; MSA 28.278, MCL 768.36; MSA 28.1059. He was acquitted of an armed robbery charge. Defendant was sentenced to 15 to 40 years imprisonment and he appeals as of right.

According to the testimony, defendant entered the home of the complainant, defendant's former landlady, and severely beat her with his fists. The complainant's boarder arrived at the house during the incident and was also assaulted by defendant. The only issue at trial was defendant's sanity. Defendant produced the testimony and reports of three medical doctors from the Center for Forensic Psychiatry who were unanimous in the opinion that defendant was legally insane at the time of the offense. The trial court, noting that expert opinions are not binding upon the court, found that defendant was mentally ill but not insane at the time of the assault.

A verdict of guilty but mentally ill necessarily means the the defendant is found to be sane at the time the offense was committed. MCL 768.36(1)(c); MSA 28.1059(1)(c), *People v Murphy,* 416 Mich 453, 457; 331 NW2d 152 (1982). A defendant in a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

criminal proceeding is presumed sane. Once any evidence of insanity is introduced, however, the prosecutor bears the burden of establishing defendant's sanity beyond a reasonable doubt. *People v Murphy, supra,* pp 463-464. The presumption of sanity is merely procedural and has no weight as evidence. The prosecutor may rest upon the assumption that the accused was sane until that presumption is overcome by the defendant's evidence, at which time the presumption vanishes and has no continued significance. *Murphy, supra,* p 464, quoting *People v Garbutt,* 17 Mich 9, 22 (1868). The Court in *Murphy* stated:

"The nature and quantum of rebuttal evidence of sanity sufficient to present an issue for a jury is to some extent determined by the strength of the case for insanity. *United States v Bass,* 490 F2d 846, 851 (Ca 5, 1974). Necessarily, the sufficiency of evidence needed to put the question of sanity before a jury will vary from case to case. *Wright v United States,* 102 US App DC 36, 39; 250 F2d 4, 7 (1957), *Alto v State,* 565 P2d 492 (Alas, 1977). Merely some evidence of sanity may be sufficient to meet some evidence of insanity and yet wholly insufficient to meet substantial evidence of insanity. *People v Ware,* 187 Colo 28, 31-32; 528 P2d 224, 226 (1974)." 416 Mich 464.

In this case substantial evidence was produced to show defendant's insanity. The expert testimony established that due to multiple episodes of gastrointestinal bleeding defendant in 1975 or 1976 underwent a portacaval shunt, an operation which causes the blood to be diverted from the liver. Because of the procedure defendant is unable to metabolize or detoxify certain proteins, complex carbohydrates and other food substances. As a result, compounds that are usually detoxified by the liver are allowed to freely circulate in the body

and build up to potentially mind-altering levels. Defendant's record of criminal behavior began after the portacaval shunt was performed. Dr. Elissa Benedek, M.D., a certified forensic examiner, described defendant's episodes as follows:

"When Mr. Banks eats certain kinds of food and certain kinds of drugs, his metabolism goes wacky, to paraphrase it. As a result of this there are certain disturbances in the brain what we call delirious, confused, disoriented, unable to think logically, clearly coherently, and as a result of a brain disfunction *[sic]*, the behavior is disordered. Mr. Banks has had this condition since 1975, and there are at least four or five documented episodes where he has had—what we call where his brain has been disordered, and as a result of that his behavior has been disordered. These episodes are documented. He has experienced at least two of them at the Forensic Center, and I was the treating physician during one of them in 1974 *[sic]*. So I treated him during one of the episodes. Another one was in 1981. He apparently had an episode when during subsequent competency procedures at this Court, when he was unconscious and taken to Receiving Hospital and treated for about a week, and there are other documented episodes.

\* \* \*

"It appears as if when he is not at all aware—we have one documented episode at the Forensic Center where he was very angry, very hostile, and he has no memory of this behavior. There is documentation in the records that on occasion he does not remember what happened, and there were several episodes where he has become this way and doesn't remember the episodes and behavior. This is where he is not completely under his voluntary control."

Dr. Benedek concluded that at the time of the criminal act defendant was legally insane as that term is statutorily defined. She testified that her opinion of legal insanity "meets the bounds of

medical certainty", and that she "would describe this as a[s] clear [a] case as I have ever seen".

Two reports, one dated March 11, 1982, and signed by James R. Creps, M.D., resident psychiatrist, and Dr. Benedek, and the other dated May 27, 1982, and signed by Dr. Kathryn J. Ednie, M.D., certified forensic examiner, were also admitted into evidence. Both reports noted that defendant's organic mental disorder resulted in documented episodes of combative, assaultive, paranoid and disoriented conduct, something that was never seen in defendant when he was not in that state. Both reports concluded that defendant was legally insane at the time the crime was committed.

The expert testimony and psychiatric reports constitute substantial evidence of insanity. In order to meet his burden of proof on this issue, the prosecutor was required to submit evidence of sanity sufficient to overcome defendant's evidence. However, the prosecutor in this case failed to produce any evidence of sanity, much less the quantum of evidence necessary to overcome the evidence of insanity presented by defendant. We conclude that the trial court clearly erred in finding that the prosecutor established defendant's sanity beyond a reasonable doubt. GCR 1963, 517.1.

The judgment of guilty but mentally ill is vacated and the case is remanded for entry of a judgment of not guilty by reason of insanity and an order committing defendant for psychiatric treatment pursuant to MCL 330.2050; MSA 14.800(1050). See *People v Murphy, supra,* p 468.